LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
LITOHORO SHIPPING S.A.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LITOHORO SHIPPING S.A.,

                Plaintiff,

- against -

PROFERTIL PRODUTOS QUIMICOS E
FERTILIZANTES SA and BUNGE FERTILIZANTES,

                Defendants.
------------------------------------------------------------X

ECF CASE

08 Civ.

## VERIFIED COMPLAINT

Plaintiff LITOHORO SHIPPING S.A. ("LITOHORO"), by its attorneys, Lyons & Flood, LLP, as and for its Verified Complaint against defendants, PROFERTIL PRODUTOS QUIMICOS E FERTILIZANTES SA ("PROFERTIL") and BUNGE FERTILIZANTES ("BUNGE"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 USC §§ 1331 and 1333. Subject matter jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 USC § 201 et seq. and/or the Federal Arbitration Act, 9 USC § 1 et seq.

2. At all material times, plaintiff LITOHORO was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Panama and was the owner of the M/V MAGDA T (EX KATERINA) ("the Vessel").

3. Upon information and belief, at all material times, defendant PROFERTIL was and still is a corporation organized and existing under the laws of a foreign country, with offices and places of business at Candeias, Bahía, Brazil and Alagoas, Brazil, and was a charterer of the Vessel.

4. Upon information and belief, at all material times, defendant BUNGE was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in São Paulo, Brazil, and was a charterer of the Vessel.

5. By a charter party dated September 15, 2006 (the "Charter Party"), defendants PROFERTIL and BUNGE voyage chartered the Vessel for the carriage of 23,860 metric tons of phosphate/fertilizer.

6. Delays were encountered during loading and during discharge, and as a result $127,043.50 in demurrage costs was incurred ($128,651.65 less the 1.25% commission on demurrage provided for by the Charter Party).

7. However, despite due demand, defendants' agents in Morocco only made payment of $14,546.56 for the demurrage which was due and owing.

8. Thus, the net demurrage for the total cargo aboard the Vessel remaining due and owing is $112,496.94.

9. Pursuant to the Charter Party, demurrage is to be paid on a pro rata basis. Thus, defendant PROFERTIL owes plaintiff LITOHORO $98,458.53 for its relative

portion of the demurrage due (20,876 metric tons, which is 87.4937% of the total cargo).

10. In addition, defendant PROFERTIL owes plaintiff $57.46 for freight due and owing.

11. Thus, the total amount due and owing from defendant PROFERTIL is $98,515.99.

12. Defendant BUNGE owes plaintiff LITOHORO $14,069.20 for its portion of the demurrage due (2,984 metric tons, which is 12.5063% of the total cargo).

13. Clause 32 of the Charter Party provided that all disputes are to be settled by London arbitration.

14. Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

15. Under English law, plaintiff would expect a London arbitration tribunal to award interest on the principal amount awarded at a rate of approximately 7.5%, compounded for 3 years, with three monthly rests. Plaintiff has therefore calculated interest on the sums set forth in paragraphs ¶¶ 11 and 12 of the Verified Complaint herein based on that interest rate.

16. Under English law, plaintiff would also expect a London arbitration tribunal to award the legal costs of arbitration against defendants. These legal costs would include plaintiff's English solicitors' legal fees, experts' fees, barristers' fees in relation to the arbitration hearing, costs associated with the arbitration hearing itself, and travel costs and expenses for witnesses attending the hearing.

17. The defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, but upon information and belief,

PROFERTIL and BUNGE have, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court held in the hands of garnishees, which are believed to be due and owing to defendants PROFERTIL and BUNGE.

18. Plaintiff LITOHORO hereby demands:

(a) Payment of $98,515.99 from PROFERTIL as security for the demurrage and freight due and owing to plaintiff under the Charter Party;

(b) Payment of $24,601.06 as security to cover interest on the amount in paragraph (a) above as recoverable under English law. Plaintiff reserves the right to amend the demand herein in the event the amount in paragraph (a) above increases over time; and

(c) Payment of $14,069.20 from BUNGE as security for the demurrage due and owing to plaintiff under the Charter Party;

(d) Payment of $3,513.31 as security to cover interest on the amount in paragraph (c) above as recoverable under English law. Plaintiff reserves the right to amend the demand herein in the event the amount in paragraph (c) above increases over time; and

(e) Payment of $40,000.00 as security to cover the legal costs in connection with the London arbitration as recoverable under English law. Plaintiff reserves the right to amend the demand in the event the legal costs increase over time.

**Total $180,699.56**

WHEREFORE, plaintiff LITOHORO, prays that:

a. process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendants citing them to appear and answer under oath all and singular the matters alleged;

b. since the defendants cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all of the defendants' tangible or intangible property in this District or claimed by or being held for, belonging to, due or being transferred to, from, or for the benefit of defendants by any garnishees within this District, in the amount of $180,699.56 to secure plaintiff LITOHORO's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

c. this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

d. judgment be entered by this Court in favor of plaintiff and against defendants enforcing and recognizing any London arbitration award(s) or judgment(s) that may be rendered on the claims set forth herein; and

e. plaintiff have such other, further, and different relief as this Court may deem just and proper.

Dated: July 17, 2008

                                        LYONS & FLOOD, LLP
                                        Attorneys for plaintiff
                                        LITOHORO SHIPPING S.A.

By:      */s/ Edward P. Flood*
           Edward P. Flood (EPF-5797)
           65 West 36th Street, 7th Floor
           New York, New York 10018
           (212) 594-2400

U:\FLOODDOC\2660001\Legal\Verified Complaint.doc

## VERIFICATION

Edward P. Flood, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff LITOHORO SHIPPING S.A., in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff LITOHORO SHIPPING S.A., is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: July 17, 2008

_____
Edward P. Flood

U:\FLOODDOC\2660001\Legal\Verified Complaint.doc